The first case on the call of the docket is agenda number five. Case number 131825. People v. Nibbelin. Is the appellant ready to proceed with her argument? Yes, sir. Okay, please proceed, counsel. May it please the court, counsel. Good morning. My name is Nancy Vincent. I'm with the Office of the State Appellate Defender, and I represent the defendant appellant, Carthel Nibbelin, in this matter. Not unlike yesterday, this case comes to us with a lot of agreement. The parties do not agree. I mean, the parties agree that there is an error and that the error was not harmless. No one disputes that Mr. Nibbelin was assessed at the statutory costs in conjunction with the judgments entered against him. No one disputes that he was entitled to a waiver of those assessments by virtue of his representation throughout the course of the proceedings by the Public Defender's Office in McLean County. No one disputes that but for his attorney's failure to file the certificate pursuant to Illinois Supreme Court Rule 404E, he would have been entitled to a waiver of those assessments and would have been granted the waiver. The disagreement here that this court is charged with solving is what we're going to do about it. Counsel, in Yarborough, the court talks about two routes to the same destination. Yes. And so in this case, the appellate court holds that the defendant's issues should be covered by Rule 472. Correct. And could the circuit court still deny the defendant's rights to file a 404E certificate? I believe that at this point if, for example, if counsel were just to go in tomorrow and file it, I don't believe it would be timely because Rule 404 has a 30-day requirement in there. Now, the rule uses the term should. The statute that that rule enacts uses the word shall. So there may be a tension there as to whether or not there is a hard 30-day deadline. But in any event, those 30 days have passed. So if counsel were to try to do that tomorrow, it would be vulnerable to attack probably on that ground. Does the 30-day apply to 404E? That would be a question that was not necessarily before us on this record. But I think that given a different set of facts and circumstances, I think a colorful argument could be made that perhaps 404E does not have that 30-day timeline. That said, if you read the rule as a whole, as we are required to do, that 30-day deadline is in there. And the whole point behind that 30-day deadline, in part, was to prevent trial courts from holding off on granting the applications until after a sentence was served. So I think that would be a tension between one of the purposes of that 30-day deadline and allowing 404E an exception to that, especially when there isn't a specific exception in 404E. Counsel, you indicated that the issue before us today is what is the solution.  And so in looking at 472, that outlines what factual circumstances bring us under that rule. So here, did we have an error in the imposition or calculation of the fines, fees, or assessments? Well, the state would answer that question in the affirmative. I'm asking you. And I would answer that in the negative, simply because if you read, again, Rule 404 as a whole, there are four ways that apply under 472. They are all trial court-based errors, errors in the imposition and calculation, errors in applying the per diem, errors in calculating the jail time credit, and then any clerical error in the judgment. Those are all things that a trial court can solve. What the trial court cannot do here is solve this problem, which is but for defense counsel's failure to file the document that streamlines the process, at least for individuals that are represented by the public defender's office, the trial court has to, by law, impose those assessments. The trial court here did that. There was no error in that. And if Mr. Niblum were to attempt to file a Rule 472 motion at this point, it would probably be denied on that ground because it is not an error in the imposition of the assessment. So the other alternative is ineffective assistance of counsel? That is the only other alternative, according to the law, as we have it right now. That is the only alternative he's got. Because it is ineffective assistance to fail to file something that is required by law to be filed if he is to be entitled to the waiver of the assessment. So as a practical matter, what does the process look like if we were to find that it was ineffective assistance of counsel? Of course, we can all remember when Rule 472 was put in place because it was just a nightmare regarding these fines and fees and these matters coming up before the appellate court and not even having an opportunity to be addressed at the trial court. So what is this ineffective assistance of counsel route? What does that look like? First of all, Rule 472 was put in place, in part, to deal with the Byzantine system that came to be. The legislature solved a lot of that problem by streamlining the assessments to begin with, with the generic assessments. So from that perspective, Rule 472 doesn't really have any effect on the speed of that particular thing, of imposing the assessments. To my way of thinking, as a practitioner, the ineffective assistance route is actually quicker and faster to solve this problem. Either way, you've got to remand back to the trial court. It's either going to be pursuant to a Rule 472 motion or a quick remand from the appellate court with a mandate indicating what the trial court needs to do. A Rule 472 motion would actually take longer and take up more resources. But that's something that the parties could just agree this needs to go back for Rule 472. I can't remember the last time I've seen a contested case on that issue. We never see those. I never saw them at the appellate court after the changes, and this is the first time here. So I'm not so sure that it would be quicker in effective assistance of counsel. We see, a lot of times, individuals who use the old forms, the correct and minimus forms, which are treated as Rule 472 issues. So we do see them on occasion. They're not common. Here's the other problem with relying on 472 to do that problem. Rule 472 has no time limit. Those can be filed 5, 10, 15 years after the judgment. An appellate court mandate is a fairly quick procedure. So it would go back. The appellate court would issue the mandate. The trial court would receive the mandate, and then they would have a setting of some sort. The trial counsel could file the Rule 404E certificate, and then the judgment can be corrected. Under Rule 472, that could also happen quickly, but it could also happen 5 years from now, 10 years from now. And if that were under the facts of this case, why doesn't allowing the defendant to file the Rule 472 motion, seeking to give you the reason, why doesn't it work in this case? Because the rule doesn't allow for it. Couldn't Rule 472A1 be interpreted to recognize that errors in the imposition can also mean, you know, at no imposition, no review at all of the imposition or calculation of these assessments? I mean, if we were to interpret it that way, it would cover when one was not filed, correct? I'm sorry. Could you repeat that? Well, I mean, you know, you said that imposition means that there has to have been an error in imposing them. Wouldn't that cover error in not filing, you know, it was error to impose something that he should not have had to pay, but for the filing of that, of the motion? But it's not an error in the imposition. Counsel, is it really a possibility that the trial court would deny the defendant the opportunity to file a Rule 472 motion after being explicitly ordered to do so by the appellate court? I would be surprised if they did. But so if this court were to rule that he should, that the matter should go back for, so that Mr. Niblin had the opportunity to file a Rule 472 motion, I can't imagine that the trial court would deny that. But the problem is that the language of the rule does not encompass this particular error. It's not an error in the imposition. The assessments were imposed correctly. Counsel, I don't understand how the failure to do something is not a failure in the imposition. You're complaining about the attorney's nonfeasance, failure to file the certificate. It says errors in the imposition. Nothing was done. Isn't that an error by failing to do something? It's an error on trial counsel's part. It's not an error on the court's part. The court has no responsibility to file that or to see to it that the waiver is there. This court's rule by its language puts that burden on defense counsel. But the rule doesn't say errors by the trial court in the imposition of fees or fines, right? I mean, you're reading language into the rule. Respectfully, I don't believe we are. If you read the rule again as a whole, it addresses only trial court error. And what the trial court has the power to control. What the trial court doesn't have the power to do is waive those assessments absent the documentation in the file, either an application and an order or a valid waiver. Counsel, what about number two, errors in the application of per diem credit, which I understand. You spent some time in jail. You're going to get credit for that time. But is that related? Isn't that closer to, you know, these fines were imposed. You can't pay them. And so you're entitled to a credit or a waiver toward those. I mean, should we consider that at all? Those are fines. Assessments are different. Part of the Byzantine problem that occurred before 2019 was, first of all, figuring out if something was a fine or a fee. Per diem credit, the application of the credit, so whether it be fines or assessments. In this instance, we have a situation where he was not given a waiver, which is similar to a credit. That's what I'm getting at. Okay. So, again, yes and no. The problem with reading subsection two is that the per diem credit only applies to fines. It does not apply to the assessments. The certification procedure applies to both the Article 15 assessments, but they don't apply to the fines. Those are different procedures and different waiver procedures. So I think overall what both the legislature and this court were trying to do was streamline this entire process. And so in order to do that, first of all, they revamped the assessment process to create a much easier way to assess. And to everyone's credit, we aren't seeing that many errors in how things are showing up in the financial sentencing orders. And then also streamlining the waiver process because the legislature also determined that there needs to be a way for individuals to who are of limited means to apply to have at least some or all of the assessments waived. So, counsel, getting back to the ineffective assistance of counsel route here, how does the defendant show prejudice at the appellate court level? And if the defendant is unable to do so, then what do we do? Well, there are cases that have addressed that and have denied at least in part some of that because you show prejudice by demonstrating that but for the filing of that certificate, the defendant would have been entitled to the waiver under Rule 404E. Someone like Mr. Niblin has been able to establish that. There have been other cases where the individual wasn't represented by the public defender or there was a significant bond, and then there are means by which you may or may not have been able to demonstrate prejudice had counsel filed the waiver. But in Mr. Niblin's case at least, he easily cleared that bond. And I think in most of the cases that have come up that we've cited, all those individuals were represented by the public defender the entire time. So prejudice has never been an issue when they've been represented by the public defender the entire time. So are we to get into fact-finding? Let's say that, I mean, it sounds like with the ineffective assistance of counsel, is there an opportunity for counsel to defend him or herself or allege that, you know, he or she asked me not to file the certificate or some other reason why it wasn't filed? How will we find that out? I mean, we have to find ineffective assistance of counsel, right? And so we have to determine that there was prejudice before we could enter such a finding. So how do we sort that out? You know, this is probably one of those problems that these rules don't address. And I don't know how either Rule 404E or 472 would address that. So how does fact-finding affect finding? Unless, for example, if after a mandate, this court, you know, ruled that 404E applies, then the appellate court issued its mandate to McLean County. And McLean County, you know, followed the mandate and ordered counsel to file the Rule 404E certificate. I presume at that point, counsel could have a hearing and make a record on that. But I can't imagine that scenario occurring. Do we just need to amend the rule? You know, that's probably... Save everybody a lot of time? Probably. And then the question becomes how to amend, which rule to amend and what it needs to say. The easiest way to do this, of course, is just to eliminate the assessments. But since the legislature is not going to do that, this court does have a duty to administer what the legislature has deemed to be an appropriate assessment process. So this court could amend Rule 404E or add a clause to 404E that says, Rule 404 that just eliminates public defenders from any of those requirements and just indicate that any individual, for example, an individual represented at sentencing by the public defender's office of whatever county they're in, if they're represented at sentencing, they're automatically entitled to a waiver. That would be one potential language. What about amending 472 and simply saying that, like the other instances where it can just go back and the trial court can correct that? Why can't we do that? The tension with that is this. Before 2019, when all of these were being raised at the appellate court level, they were being raised in the alternative, either as plain error or ineffective assistance. If this court were to amend Rule 472 to include this particular problem, it's still not a trial court error. It doesn't fit within subsections one through four. It's still an ineffective assistance problem. So we can't have a five? Of course the court can have a five. I'm just not sure that that is the better alternative, given the waiver procedures required by this court for purposes of raising ineffective assistance or counsel on direct appeal. You're kind of placing counsel in a position where they're not really sure which remedy they need to use. Because if the only remedy on direct appeal is to raise ineffective assistance or counsel, that would seem to have tension with cases like Veach. If, on the other hand, they wait and tell the client to file a Rule 472 motion, and then a state's attorney or someone else objects to that because they waived it by virtue of not raising it on direct appeal, you've placed defense counsel in kind of an odd position. I just, I'm not clear. Are you saying that if the defendant followed the appellate court's order and went back to the trial court and filed a 472 motion that the trial court would deny that motion? I don't know. There are a lot of things that will happen in between those events. It's very difficult to predict the future. It's very difficult to predict what may happen at court on any particular day. But assuming that no one has an objection, I can see where, just by agreement, the parties could resolve the matter and dispense with it. So then why are we here? The appellate court granted the relief that the defendant asked for. Not in Mr. Niblin's case. They granted, they denied it, saying that Rule 472 was the appropriate remedy. And, but most of the appellate court decisions have gone the ineffective assistance route and remanded for filing a Rule 404E certificate. That's why this Court's here. We have this. I'm talking about this case, not all the other cases. Okay. In this case, if the defendant went back to the trial court and asked for the trial court to enter an order under Rule 472, what would happen? So, if we, are we ignoring the 404E problem? For now. Okay. Well, you call it a 404 problem. I'm just talking about my, I'm just asking my question based on the facts of this case. Again, it seems to me that the problem with doing it that way is that there's a risk involved. Sure. So, let's say that if this Court ordered Mr. Niblin to go back to McLean County and file a Rule 472 with instructions that, you know, he was entitled to the waiver, I can't imagine that the trial court would not grant, would not accept the certificate and then, you know, recalculate the financial orders based on the waiver. Right. So why are we, if that's the case, why are we here? Why are you here? Because it seems that... Is your concern mainly regarding the expiration of the 30 days and that there would be a time in this issue? I think that is a problem. Absent some sort of remand back to at least allow jurisdiction for a period of time. That's the problem because Rule 404E has that 30-day waiver, not waiver, time limit. So, and again, you know, because it's not in 404E, but it's in 404A, you know, there will be some litigation on that. Ms. Vincent, please conclude your argument. Thank you. If this Court has no further questions, we request that this Court reverse the order of the appellate court and remand the matter back to McLean County. Thank you. Mr. Snider. May it please the Court. Counsel, I'd like to start with Justice Cunningham's question, why are we here? Because I've been trying to answer that question and I think I understand that. Why won't a defendant take yes for an answer in this case? And I think it's because we fundamentally disagree about how 404E operates. The thing that defendant is upset about is that defendant did not get the waiver that he was entitled to under 404E as someone who is represented by a public defender in the trial court. Defendant believes that the reason he didn't receive that waiver is because that waiver is contingent on defendant filing a certification, or I'm sorry, that counsel needed to file a certification. If counsel doesn't file the certification, then the defendant cannot receive the waiver. And when we look at Rule 404E, that's simply not how it operates. 404E says that in any case where a defendant is represented by the public defender and has a list of other need-based counsel, then two things will happen. First, the attorney representing defendant shall file certification with the court. And second, the defendant shall be entitled to a waiver of assessments. Those two clauses are both contingent on defendant having been represented by need-based counsel, but they are not contingent on one another. If one imagines I'm on a road trip, and my family enacts a rule. And the rule is in any road trip where one sibling punches another, the puncher shall write an apology, and the punchee will get to pick the radio station. It is very clear that the punchee's right to choose the radio station is not contingent on the written apology being on file. These are just two things that are triggered by the punch on the road trip. Here there are two things triggered by the nature of the defendant's representation. One thing that is triggered is counsel's obligation to file the certification with the court to make a record of that representation. Normally there will be a record just because normally it's a public defender. So the record will be that the court appointed the public defender. We don't need any additional evidence for the appellate court if it reaches that stage. But in some cases, if counsel appears through a legal services provider, some sort of pro bono program, it may not be obvious from the record. And that's what that clause does. The entitlement to the waiver is independent of the certification. The defendant is entitled to the waiver regardless of whether counsel files the certification. If the trial court appoints the public defender, note that the public defender represented the defendant, there's nothing barring the trial court from simply granting the waiver without any action from counsel at all. That certification is just a record-keeping requirement, very similar to the 651C certification requirement with the Post-Conviction Hearing Act. We want to have a record for the appellate court, but that's not what actually causes the machine to go. So if the problem here is that the defendant did not receive a waiver, what is the most expeditious way to resolve that problem? And under 472, we have a very expeditious way of resolving this, which is simply to file a motion in the trial court saying, I didn't receive the waiver I'm entitled to, and the trial court can address it. 472, it's important to remember, is not actually a rule about how the appellate court is supposed to address these claims. It's a rule designed to prevent these claims from going to the appellate court in the first place. Are there any circumstances that the trial court could deny the 472 relief? On a 404E waiver problem? No. Now, we've had some discussion about this 404A. It says that applications are subject to this 30-day rule, but 404E is explicitly not an application. It says that they're entitled to a waiver without filing an application. If the trial court does deny relief under 472, is that order appealable? Yes. Even if it's years down the road? Yes. Now, it's not clear to me why we would ever have one of these years down the road. It might be helpful to sort of take a step back and just walk through the process of how these issues are getting to the appellate court in the first place, because, of course, the reason the appellate court is able to provide the remedy of ordering remand for it to be resolved in the trial court under 472 is that it was raised in a pleading in the appellate court, which means that the defendant's appellate counsel recognized this error. So they were going through the record as the very first step of beginning to prepare a brief, and they noticed two things. My client was represented by a public defender or other need-based counsel in the trial court, and this assessment under Article 15 was not waived. As soon as counsel is aware of that fact, they need not then proceed and put it into a brief. They could, of course, always pick up the phone and call the public defender's office and say, We noticed that you didn't file this. And then when you get your relief, just withdraw that issue on appeal? It would never go into a brief. It would simply be resolved in the trial court, and it need not be briefed. Maybe amend your notice of appeal. True. So the nice thing about 472 is if appellate counsel were to call the public defender and say, You dropped a stitch. You didn't bring this to the court's attention, the public defender were to bring it to the trial court's attention, which they're allowed to do under 472. This court provided jurisdiction to the trial court to address these sorts of errors. Where specifically does it allow for this type of error in 472? So if we construe the language of 472 broadly, as we must to give effect to its remedial purpose, the phrase errors in the imposition of an assessment would cover this kind of error. And the imposition of an assessment, if we construe it broadly, to impose in the common meaning, the sort of contextually relevant common meaning, is to make something obligatory or to burden someone with something. So an error in the imposition of an assessment, or a fine or a fee, is an error that results in a defendant being obligated to pay that assessment where they should not be obligated to pay it. So it's your position that a rule amendment is not necessary here? We don't believe it's necessary because a broad construction solves it. If a rule amendment was, in fact, determined to be a more appropriate way to ensure that this issue did not rise again, how would that be addressed, best addressed? So the court usually goes through its rules committee. I don't think that it is a particularly complicated amendment. I do think it is just adding a 5, and I think the 5 looks very similar to the 2, where if we're looking at the per diem credits that offset a fine, this is if there's an error in the waiver of an assessment, an Article 15 assessment, that would be an error in the waiver of an assessment, and it would seem to solve it. So, counsel, I appreciate your argument, but would you just go back and just walk us through, assuming that there is no amendment, we don't have a 5, the existing language, walk us through what should have happened here to prevent it from even getting to the appellate court. Right. So if we construe 472 broadly, so this is covered, then this would be no different from an error back in the bad old days when there was the spinal cord research fund fee or whatever, right? It was imposed where it shouldn't have been imposed. What was supposed to happen there and what would be supposed to happen now would be, as soon as someone recognizes this error, they would just go to the trial court directly. That's what 472 fundamentally does. It says, don't bother the appellate court with this in the first place. If you identify this problem, it's something you're supposed to raise in the trial court in the first instance. If you fail to get relief there in your 472 motion, would you then come up to the appellate court? If you try to come to the appellate court first, we're going to send it back down because you have to go to the trial court first. So as soon as appellate counsel or the public defender, if they go, oh, you know what? I totally forgot to raise that issue. I noticed the court didn't grant the waiver it was supposed to grant. They can just go into court and file the motion. The court can then grant that relief. There is no reason for this ever to come up on the appellate court's radar. And as the appellate court recently noted in the People v. Yarbrough, which I believe the defendant cited as supplemental authority, this is an incredibly inefficient mechanism, appellate review, is an incredibly inefficient mechanism to solve these kinds of problems because these, like all of the other errors under 472, are absolutely black and white, balls and strikes, uncontroversial, and generally undisputed errors. I don't believe there is, and I'm sure the defendant would correct me if I'm wrong, but in all of the cases that the parties have cited addressing 404E waiver issues, I don't believe there is a single one where it was disputed. It's just a question of what is the most expeditious mechanism of getting relief to defendants where they weren't granted a waiver. And if, for whatever reason, it is raised for the first time on appeal, which we know sometimes happens, if that happens, the most expeditious way we would submit is not to require the defendant to litigate it as a constitutional claim of ineffective assistance, wait for the people to file an appellee's brief, then wait for the appellate court to issue an opinion, and then to issue its mandate and only then return to the trial court. The appellate court recognizes, oh, this is a 472 issue, to immediately just remand that issue to the trial court for resolution. And we believe that the plain language of the rule construed broadly permits that outcome. 472 primarily addresses errors of the court, not errors of counsel. Is that a distinction that has any importance? It doesn't here for two reasons. First, again, if we go back to 404E, there are two obligations when defendants are represented by a public defender or other need-based counsel. One is an obligation on counsel. That's the obligation to file the certification. But the other is the obligation on the court because it says that the defendant shall be entitled to that waiver, and that entitlement is not contingent on the preceding certification clause. So the error, and there is an error. Counsel should have filed a certification, but that's not the reason that the defendant didn't get the waiver. The other reason is even if we were to say that for some reason waiver is dependent on the certification, in this circumstance counsel isn't acting as the defendant's counsel. They're acting as an agent of the court to provide the court this piece of information. The defendant's wishes have absolutely no role to play here. The defendant says, I would like you not to file the certification. I want the court not to grant the waiver because I feel terrible for my crime and I can afford the $400 for this assessment. Counsel is not allowed to say, all right, you're the boss. Counsel has an obligation to the court as an agent to the court. This is like in 452 where the court has said we want to prevent these errors, and so we are delegating certain information, gathering and providing tasks to counsel in their role as officers of the court. So to describe the error of counsel under 404E as an error of counsel is technically correct because counsel is, of course, counsel, but it is also somewhat misleading because counsel is not functioning as constitutional, zealous advocate of counsel if they're operating as an officer of the court. But, again, just the structure of 404E reveals that counsel's failure is not actually the problem here. It's that the defendant wasn't given the waiver they were entitled to regardless of whether counsel filed the certification. And so if there are no further questions, for those reasons, we ask that the court affirm the ruling of the appellate court or, in the alternative, of course, amend the rule to prevent this from coming up in the future because I think the parties all agree that this is something that need not be raised on any sort of principled ground as a constitutional issue on appeal. Thank you, Mr. Schneck. Ms. Vinson, any rebuttal? Thank you. Very briefly. One key quibble. Rule 404E, the filing of the certification is not an automatic. So in order for the waiver to be granted, one of two things has to occur. There has to be an application that's been granted or the Rule 404E certification. What the Rule 404E certification does is allow the defendant the waiver without having to go through the application process. That's why it's a streamlined process. It saves the problem of within the 30 days having to apply for the application for the waiver. But as we've discussed, Rule 404E has that 30-day limit. So in order to get back on just filing a certificate, this court or appellate courts have to do something to give the trial court jurisdiction to operate under 404. 472, there is no time limit for that, but the language of Rule 472 does not squarely fit into this particular problem. So I believe it's Justice Taylor. So yes, appellate counsel can look at the record and say, why don't we do something about this? And that has been known to happen. It's easier in juvenile cases for a variety of reasons. But then if defense counsel at the county level doesn't take action, the defendant still needs a remedy. So just ignoring the problem, hoping that appellate counsel can talk trial counsel into quickly filing Rule 472, yes, that is a very expeditious way of doing it. And when that happens, that's wonderful. But there still needs to be a remedy in place for when, for whatever reason that doesn't happen. So what's the remedy if we go your route, which is to find that counsel was ineffective? There still has to be something done below, right? I'm sorry? There still has to be something done below. Yes. And most of the appellate court's decisions have been remanding the matter back for purposes of proceedings under Rule 404. Which then, of course, begs the question, is counsel going to do anything? Well, I would be... So I guess what I'm saying is I'm not finding the distinction you're making persuasive. Right. I would be appalled if trial counsel didn't do it as the result of a court mandate, as opposed to just having current counsel calling and requesting an action. So from that perspective, I would say that a court's order would be the hammer. And if this court has no further questions, we would request that the court reverse the Fourth District and remand this matter back to McLean County. Thank you. Thank you, Ms. Vinson. Case number 131-825, People v. Nevlin, is taken under advisement as agenda number five. The court thanks Ms. Vinson and Mr. Snyder for their arguments.